### HORACE PINNEY v. EDWARD CAHILL.

*Evidence—Conversation—Medical books.*

Where during a ride the driver of a horse has a conversation with his companion as to the horse's appearance and condition, and the conversation tends to show that the driver is exercising due care, it is admissible for that purpose in an action against the driver for injury alleged to have been caused the horse by his ill-usage and neglect.

Medical books may be read to a jury, not for the purpose of proving the fact therein stated, but to discredit the testimony of experts who claim to be familiar with them and refer to them as authority.

Error to Oakland. Submitted June 14. Decided June 21.

CASE. Plaintiff brings error. Affirmed.

*Aug. C. Baldwin* for appellant. A party's declarations in conversation cannot be received in his own favor, and the replies of a third person are hearsay and are inadmissible:

*La Farge v. Kneeland* 7 Cow. 459; *Enos v. Tuttle* 3 Conn. 250; *Green v. Harris* 3 Ired. 218; *Ward v. Hatch* 4 Ired. 282; *Carter v. Gregory* 8 Pick. 168; *Lund v. Tyngsborough* 9 Cush. 40; *Scaggs v. Mississippi* 8 Sm. & M. 726; *Gray v. Goodrich* 7 Johns. 94; though admissions may be received where they serve to explain a fact: *Haynes v. Rutter* 24 Pick. 242; or where they are dying declarations: *Com. v. M'Pike* 3 Cush. 181; Greenl. Ev. § 105; medical books cannot be read in evidence: *Cocks v. Purday* 2 Car. & K. 268; *Collier v. Simpson* 5 C. & P. 73; *Com. v. Wilson* 1 Gray 337; *Ashworth v. Kittridge* 12 Cush. 193; *Carter v. State* 2 Ind. 619; *State v. Terrell* 12 Rich. 328; *Melvin v. Easly* 1 Jones (N. C. L.) 388; *Harris v. Panama R. R.* 3 Bosw. 18; Phil. Ev. (4th ed.) 273; 1 Greenl. Ev. (12th ed.) 484; Stark. Ev. (8th Am. ed.) 176.

*Edward Cahill*, in person, for appellee. It is proper to allow a witness to testify as to what he had seen, that he remarked about it at the time: *Merrill v. Cahill* 8 Mich. 55; *Dillin v. People* id. 371; *Clark v. McGraw* 14 Mich. 149; *Mabley v. Kittleberger* 37 Mich. 362; medical books are sometimes admissible: *Bowman v. Woods* 1 Greene (Ia.) 441; *Luning v. State* 1 Chand. (Wis.) 264; *Yoe v. People* 49 Ill. 410.

GRAVES, C. J. The defendant hired the plaintiff's horse to drive from Milford to Holly and back and the animal became sick and died. The plaintiff claimed that this was caused by defendant's ill-usage and neglect and he sued for damages. The jury found against him and he brought this writ of error.

Only two rulings are complained of and both were made in admitting evidence. The defendant proved that he left Milford soon after nine o'clock in the morning to go to Holly some fifteen miles away in company with Clark Crawford, and stopped at Buckthorn to give the horse water. He offered to show a conversation which occurred at that place between himself and Crawford about the appearance

and condition of the horse at that time; the object being to establish that he acted considerately and exercised due care and prudence.

The plaintiff's counsel objected, but the court overruled the objection and we think rightly. What occurred at that time between Crawford and defendant in reference to the state and condition of the horse was pertinent and proper. It bore upon the question whether the defendant was rash, heedless and indifferent, or awake, watchful and circumspect; and how he stood and acted in this respect was involved in the case alleged against him. If he felt and acted as he ought, he was not liable. The defendant gave evidence that on two former occasions the horse when driven by other persons fell sick of colic, and adduced other testimony to raise an inference that the horse's death was owing to the same difficulty. The plaintiff produced a witness who swore that he was a veterinary surgeon of twenty-five years' standing, and his opinion as an expert being called for he swore that in his opinion the horse died from being overfed when too hot, which would produce colic. On cross-examination he said that colic was caused by over-driving and feeding when the animal is too warm; that all works of good authority spoke of it and that the "Modern Horse Doctor, by Dr. Dodd," was a work of that kind.

The defendant then offered to show from this work of Dr. Dodd, where the author treats of colic, the passage following: "In nine cases out of ten colic is the result of impaired digestive organs; the food runs into fermentation and evolves carbonic acid gas." This evidence was offered to discredit this expert in connection with his cross-examination. The plaintiff objected to its introduction but the court admitted it.

The rule is acknowledged in this State that medical books are not admissible as a substantive medium of proof of the facts they set forth. But the matter in question was not adduced with any such view. The witness assumed to be a person versed in veterinary science; to be familiar with the best books which treat of it and among others with the

work of Dodd. He professed himself qualified to give an opinion to the jury from the witness stand on the ailment of the plaintiff's horse and its cause, and the drift of his opinion was to connect the defendant with that ailment. He borrowed credit for the accuracy of his statement by referring his learning to the books before mentioned and by implying that he echoed the standard authorities like Dodd. Under the circumstances it was not improper to resort to the book, not to prove the facts it contained, but to disprove the statement of the witness and enable the jury to see that the book did not contain what he had ascribed to it. The final purpose was to disparage the opinion of the witness and hinder the jury from being imposed upon by a false light. The case is a clear exception to the rule which forbids the reading of books of inductive science as affirmative evidence of the facts treated of. *Ripon v. Bittel* 30 Wis. 614; 2 Whart. Ev. § 666.

We think the court committed no error and that the judgment should be affirmed with costs.

The other Justices concurred.