## COLLINS *v.* SPENCE, executor.

1. An assignment of error that the court erred in its entire charge to the jury, cannot be noticed if some portions of the charge be correct.
2. A ground for new trial not verified will not be noticed.
3. The verdict was right.
   March 1, 1890.

Charge of court.  Practice.  Verdict.  Before Judge BOWER.  Mitchell superior court.  November term, 1888.

J. T. Spence, as executor of J. H. Spence, sued C. W. Collins upon a promissory note dated April 7th, 1877, due November 1st, 1877, for $157.28 with interest, payable to the order of John W. Pearce, signed by Collins and endorsed by Pearce.  The defendant pleaded not indebted, and payment in full.  Upon the trial plaintiff introduced the note and closed.  The defendant introduced a deed dated April 18th, 1881, from J. H. Spence to J. W. Isom and Willie Isom, conveying, in consideration of $400, a certain lot of land, with the house and improvements thereon, lying in Camilla, Georgia; and a deed from C. W. Collins to J. T.

Spence, executor of J. H. Spence, dated November 26th, 1888, conveying, in consideration of $150, an undivided half-interest in the same property, and containing this stipulation : "This deed to be operative if said C. W. Collins is allowed the amount due on note now in suit by said Spence, executor of J. H. Spence, which said C. W. Collins claims went to pay said note by agreement between said Collins and Spence." One Scaife testified, for defendant, that he heard a conversation, before the death of J. H. Spence, between said Spence and Collins in reference to a note, and that to the best of his recollection Spence said to Collins, "I owe you a note and you owe me the deeds." Witness did not know these were the exact words, but it was something to that effect ; the idea as he got it being that Spence wanted to say, "I will give up the note or turn it over to you, and you owe me the deeds. Could not testify that anything was said about what note it was or what was the amount of the note, but his recollection was that Spence said he had the note among his papers and that he would get it. Heard of a good many trades which both Collins and Spence made, but could not say whether they were considered trades or not. One Cochran testified, for defendant, that he did not know of any lands that were owned in Camilla by Collins and Spence. Witness and Collins owned a house and lot there, and witness sold his half-interest (then worth $250 or $300) to Spence, and Spence told him at the time that he was going to buy Collins' interest ; but witness could not say whether he did so or not, and could not remember whether Spence ever told him he did so, or whether Spence controlled the entire lot after that or not. Spence, after buying from witness, called on him and Collins for $20 to pay some expenses on some litigation against the property, and they paid it. It was a claim on the property at the time witness sold

to Spence, and Spence claimed that it existed against the land at the time witness sold and that witness and Collins should pay it. The property was sold at sheriff's sale by Collins, and witness bought it and afterwards sold Collins a half-interest. One Swindle testified, for defendant, that Spence controlled the property in question. It was admitted that the note sued on was found among Spence's papers at the time of his death.

The jury found for the plaintiff the amount sued for, and the defendant moved for a new trial on the grounds stated in the opinion. In approving them, the judge stated that the fourth "is approved only this far: It is evidently merely the construction put upon the court's charge by the defendant's counsel. It is not in the language used by the court in its charge, as the charge will show, and is not the construction the court puts upon its charge." The motion was overruled, and the defendant excepted.

I. A. BUSH, for plaintiff in error.

D. H. POPE, contra.

BLANDFORD, Justice.

This was an action brought by the defendant in error against the plaintiff in error upon a promissory note, to which action defendant pleaded payment. A verdict was had for the plaintiff in the court below. Plaintiff in error moved for a new trial, which was refused; and this refusal of the court to grant a new trial is excepted to, and error is assigned thereon. The grounds in the motion for a new trial were as follows: (1 and 2) Verdict of the jury contrary to law and the evidence; (3) that the court erred in its entire charge to the jury; and (4) that the court erred in a certain specified charge, which last ground was not approved by the court or verified.

1. The third ground in the motion, that the court erred in its entire charge to the jury, we do not think

is well-taken, because some portions of the same are correct, and it is doubtful if the whole charge itself is not correct ; and even if a portion thereof was incorrect, we could not notice such error in such an assignment.

2. The fourth ground of the motion not being verified, we decline to notice the same.

3. In looking at the evidence in the case, we are satisfied that the verdict of the jury was right, and that there was no error in refusing to grant this motion for a new trial.        *Judgment affirmed.*