COMMONWEALTH *vs.* H. ROBERT SURLES.

Worcester. September 30, 1895. — December 31, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Omission to raise Question in Exceptions — Examination of Jurors with a View to a Challenge.*

It must be assumed, in the absence of anything in the bill of exceptions on the subject, that jurors who were examined were informed as to the case about to be tried, so far as to enable them to answer understandingly questions put to them as to their forming an opinion of the guilt of the defendant, as to their being sensible of bias or prejudice, and as to their indifference on the subject of the defendant's guilt or innocence ; and the omission of the excepting party to say anything about it will not enable him to maintain that they did not know.

There is no error in refusing to put to the jurors questions requested by the defendant as to their forming an opinion of his guilt, as to their being sensible of bias or prejudice, and as to their indifference on the subject of his guilt or innocence, if the questions requested add nothing material to the questions which were put.

It is not necessary to the maintenance of an indictment under Pub. Sts. c. 207, § 9, for an attempt to procure the miscarriage of a woman, that pregnancy should be alleged; and if, being alleged, it is necessary to prove it, it is not necessary to go further and prove that the foetus at the time of the defendant's acts had vitality, so that in the course of nature it could mature into a living child.

INDICTMENT, in four counts, under Pub. Sts. c. 207, § 9, for an attempt to procure the miscarriage of a certain woman, by reason of which she died. At the trial in the Superior Court, before *Hopkins*, J., before the jury were empanelled, the defendant moved the court to examine the jurors, with a view to a challenge, with reference to their bias or prejudice, and asked that the following questions might be put to them : " 1. Have you expressed or formed an opinion as to the guilt of H. Robert Surles on the charge of procuring a miscarriage on the body of Annie M. Murphy ? 2. Are you sensible of any bias or prejudice against this defendant, H. Robert Surles ? 3. Are you sensible of any bias or prejudice against one charged with the crime of abortion, which would prevent you from considering the evidence in this case in an unbiased and unprejudiced state of mind ? 4. Are you indifferent in this case as to the guilt or innocence of the defendant ? "

The judge examined on oath each of the jurors called, and put to each the following questions : " Are you related to the defendant, H. Robert Surles ? Have you any interest in the cause about to be tried ? Have you expressed or formed any opinion with reference to it ? Are you sensible of any bias or prejudice therein ? "

All of these questions were answered in the negative by each juror, and the defendant made no objection to any of the questions or to any of the jurors.

The judge, being of the opinion that the jurors were impartial and competent to try the issue, allowed them to remain upon the panel, and refused to put the questions in the form requested ; and the defendant excepted.

There was evidence that the woman named in the indictment was pregnant with child, that a miscarriage took place and that the woman died in consequence thereof, and this evidence was not controverted by the defendant.

The judge gave full instructions as to the offence charged and the bearing of the evidence upon each count in the indictment and its application thereto, and to these instructions no exception was taken.

The defendant, among other things, requested the judge to instruct the jury as follows : " 1. The proof on the part of the

prosecution must be, that at the time of the defendant's acts upon the body of Annie M. Murphy she was pregnant with a child, which had vitality so that in the course of nature it could mature into a·living child.   2. If the abortion alleged in the indictment was committed by means of the hand or fingers of the defendant, he cannot be convicted by the jury.   3. If the jury are satisfied it was a natural abortion, and that what the defendant did was merely to try and remove the fœtus for the purpose of relieving the said Annie M. Murphy, he cannot be convicted on any count in said indictment.   4. If an abortion had been committed on the said Annie, and the defendant only assisted in removing the fœtus for the purpose of relieving the said Annie M. Murphy, he cannot be convicted."

The judge gave the last two requests, and refused to give the second request, and gave so much of the first request as required proof that the woman was pregnant with child, and refused to give the remainder thereof; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. E. Sullivan & D. F. O'Connell*, for the defendant.

*H. Parker*, District Attorney, for the Commonwealth.

ALLEN, J.  1. It must now be assumed that the jurors who were examined were informed as to the case about to be tried, so far as to enable them to answer the questions understandingly. If this were not so, the defendant should have so stated in his bill of exceptions.  His omission to say anything about it will not enable him to maintain that they did not know.

2. There was no error in refusing to put to the jurors the questions requested by the defendant.  They added nothing material to the questions which were put.

3. The averment of pregnancy was unnecessary.  Pub. Sts. c. 207, § 9.  *Commonwealth* v. *Taylor*, 132 Mass. 261.  *Commonwealth* v. *Follansbee*, 155 Mass. 274.  If, being alleged, it was necessary to prove it, it was not necessary to go further, and prove that the fœtus at the time of the defendant's acts had vitality, so that in the course of nature it could mature into a living child.  Even if the fœtus had then ceased to have such vitality, pregnancy would not cease till the woman was deliv‑ered of it.                    *Exceptions overruled.*