## REDDICK *v.* YOUNG.

[No. 22,111.   Filed May 28, 1912.]

1. EVIDENCE.—*Admissions.—Admission of Agent.*—Declarations of an agent, made while in the performance of his agency, showing his intention and his mental state in regard to the manner of performing the duties of his agency, are admissible against his principal.   p. 636.

2. WITNESSES.— *Impeachment.— Collateral Matters.—* The admission in evidence of statements made by defendant's agent as to collateral matters, for the purpose of impeachment, was not erroneous, where they were immediately and properly connected with the main subject of the inquiry.   p. 637.

3. APPEAL.—*Review.—Harmless Error.—Admi sion of Evidence.—* The erroneous admission of evidence, if harmless, is not cause for reversal.   p. 638.

4. TRIAL.—*Reception of Evidence.—Order of Proof.—Rebuttal.— Discretion of Court.—*It is within the discretion of the trial court to admit in rebuttal evidence that should have been given in chief, and such action of the court does not constitute reversible error unless it is shown that the court abused its discretion.   p. 638.

5. APPEAL.—*Briefs.—Sufficiency.—Error Waived.*—Where appellant alleged error by the trial court in permitting a page of a work on veterinary surgery to be introduced in evidence as a part of the cross-examination of an expert witness, but did not set out

in his brief that part of the cross-examination of the witness, nor the substance thereof, in regard to the extract from the work on veterinary surgery, and did not set out the extract read to the jury as required by rule twenty-two of the Supreme Court, the determination of said question is waived.   p. 639.

6.   APPEAL.—*Failure to Object in Lower Court.—Admission of Evidence.*—Where no objection as to the admissibility of evidence was made to the trial court, objection to such evidence on appeal is unavailing.   p. 640.

7.   TRIAL. — *Instructions. — Construed Together. —* If instructions, when read and construed together, fairly present the law to the jury, the cause will not be reversed because a particular instruction when standing alone may be an inaccurate or erroneous statement of the law.   p. 640.

8.   TRIAL.—*Instructions.—Incomplete.—Construed With Other Instructions.*—The giving of an instruction requested by appellee, which was not complete and did not refer to appellant's answer, was harmless, where it is evident that when read and considered in connection with all the other instructions given, it could not have misled the jury.   p. 640.

9.   APPEAL. — *Briefs. — Contents. — Instructions.—Error Waived.—* Where neither an instruction nor its substance is set out in appellant's brief, any objection urged against it is thereby waived. p. 641.

10.   BILLS AND NOTES.—*Bona Fide Purchaser.—Defenses.—Instructions.*—Where defendant signed and delivered a blank check to C, who filled in the blanks and delivered it to plaintiff in payment for a horse, the consideration for the check as between plaintiff and defendant was the sale of the horse by plaintiff to C, and not the sale of the horse by C to defendant, and instructions given were not erroneous on the ground that they failed to take into consideration the defendant's defense that he purchased the horse from C who was to deliver it sound.   pp. 641, 642.

11.   BILLS AND NOTES.—*Bona Fide Purchasers.—Checks.—Signing in Blank.*—One who signs a note or check in blank and delivers it to another thereby clothes the holder with implied authority to fill the blanks, and even if the blanks are filled in violation of the express understanding of the parties, he will be liable to an innocent holder.   p. 642.

12.   TRIAL. — *Instructions. — Application to Evidence. —* Where defendant signed and delivered a blank check to C, who filled in the blanks and delivered it to plaintiff in payment for a horse, an instruction as to the rights of the parties to the action if the blank check was a loan made by defendant to C, although it was not applicable to the evidence, was harmless.   p. 642.

13.   PRINCIPAL AND AGENT.—*Liability of Principal.—Execution of Negotiable Instruments.*—As a general rule a principal is not

liable on a negotiable instrument signed by the agent in his individual name. p. 643.

14. APPEAL.—*Harmless Error.—Evidence.—Instructions.*—Error in admitting evidence and in giving instructions which affected plaintiff's right to recover on the first and third paragraphs of complaint, was harmless, where plaintiff recovered on the second paragraph which was unaffected thereby. p. 644.

From Howard Circuit Court; *Lex J. Kirkpatrick,* Judge.

Action by Henry W. Young against William R. Reddick. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed* conditionally.

*Kane & Kane, Blacklidge, Wolf & Barnes,* for appellant. *J. T. Cox* and *Claude Y. Andrews,* for appellee.

MONKS, J.—The complaint in this action, brought by appellee, is in three paragraphs. In the first paragraph he seeks to recover the purchase price of a horse, alleged to have been sold and delivered to defendant for the sum of $195. The second paragraph is based on a check for $190 on the Citizens State Bank, of Noblesville, Indiana, payable to appellee and signed by appellant. It is alleged in said paragraph that appellant stopped payment on said check, and that the same was never paid. The third paragraph is on a check for $5 on the Kokomo National Bank, of Kokomo, Indiana, payable to appellee, and signed by A. C. Culp. It is alleged that said Culp stopped payment of the check, and that it was never paid. It is further alleged that at all times Culp was acting as the agent of appellant.

Appellant's demurrer for want of facts to each paragraph of the complaint was overruled. Appellant filed an answer in three paragraphs, the first of which was a general denial. The second paragraph of answer was to the second paragraph of complaint, and alleged, in substance, that plaintiff sold a horse to Culp for $195, and received the latter's check for $5 as part payment therefor, and agreed to deliver the horse at Bunker Hill sound on June 26, 1907;

that later Culp sold the horse to defendant, who agreed to take it, provided it was delivered to him sound. As Culp had not paid plaintiff for the horse, defendant advanced to Culp $190, and at his request made the check payable to plaintiff; that the horse was not delivered sound at Kokomo, but was sick and unsound, and for this reason defendant refused to take the horse, and stopped payment on the check.

The third paragraph of the answer alleged, in substance, that on June 21, 1907, defendant purchased the horse of plaintiff, who warranted it to be sound and all right, and agreed that he would deliver it in Bunker Hill, Indiana, on June 26, 1907; that, relying on this warranty, defendant executed the checks described in the complaint; that the horse was delivered sick and unsound; that defendant refused to accept it, and returned it to plaintiff.

Appellee's demurrer for want of facts, challenging said second and third paragraphs severally, was overruled. Appellee filed a general denial to the second and third paragraphs of answer. A trial by jury resulted in a general verdict in favor of appellee for $195 principal and $22.65 interest, total $217.65. Over appellant's motion for a new trial, judgment was rendered on the verdict.

As no cross-errors have been assigned challenging the correctness of the action of the court in overruling the demurrers to the second and third paragraphs of answer, we express no opinion as to their sufficiency.

It is insisted by appellant that the court erred in admitting the testimony of witnesses for appellee, to the effect that Oscar Corbin had stated in their presence, at Bunker Hill, that he was going back to Kokomo in time for the ball game, if he had to kill the horse, and of another witness for appellee, to the effect that Corbin had stated in his presence that he was going back to Kokomo by 12 o'clock, or kill the horse. Said Corbin was sent to Bunker Hill by A. C. Culp, who purchased the horse from appellee, to receive the horse and ride him to Kokomo on June 26. He was also to deliver

to appellee the check sued on in the second paragraph, in payment of the balance of the purchase money for the horse. There was evidence that the horse was sound and all right when delivered by appellee to Corbin at Bunker Hill, but that he was sick when Corbin arrived at Kokomo with him. Corbin testified that he ''drove slowly from Bunker Hill to Kokomo, a distance of not quite fourteen miles; that it was a hot day; that he left Bunker Hill at 10:15 a. m. and arrived at Kokomo at from 1:30 o'clock p. m. to 2 o'clock p. m.'' Said Corbin, on cross-examination, had testified that he did not make said statements.

One witness for appellee testified that he ''saw Corbin two and one-half miles south of Bunker Hill, on the road to Kokomo, going at a right fast trot, that he observed the horse and its rider as they traveled a distance of from fifty to sixty rods. The horse was perspiring freely.'' Another witness for appellee testified that he was working along the road three-fourths of a mile south of Bunker Hill, and saw Corbin riding the horse, ''that he observed him for a quarter of a mile and that for about two-thirds of the distance the horse was loping and the rest of the distance he was running rapidly.'' Two other witnesses testified that they saw the horse the same day at Kokomo about 12:30 o'clock p. m., that the horse was sweating, lathering and panting, that he looked sick, that the sweat had dried in on him, that he looked as if he had been used pretty hard, overheated.

The objection made by appellant was that said testimony was for the purpose of impeaching said witness Corbin in matters purely collateral. Said witnesses for appel-

1. lee testified that said statements were made by said Corbin after he received the horse, and when he was about to start to Kokomo. Under the allegations of the third paragraph of answer, Corbin was acting as the agent of appellant in receiving the horse at Bunker Hill and riding him to Kokomo, while under the allegations of the second paragraph of answer he was in such work the agent of Culp.

It is evident that if either Culp or Reddick had received the horse in person, and made the declarations it is claimed that Corbin made at Bunker Hill, and under the same conditions, that said declarations would have been admissible in evidence on behalf of appellee. Corbin's agency in receiving and delivering said horse at Kokomo had commenced and was continuing at the time said declarations were made, and they showed his intention and his mental state in regard to the manner of performing his duties as such agent in riding said horse to Kokomo. What he said and did in the performance of his agency was admissible against his principal. See 2 Chamberlayne, Mod. Law of Ev. §§1344-1349; *Ohio, etc., R. Co.* v. *Stein* (1892), 133 Ind. 243, 247, 250-255, 31 N. E. 180, 32 N. E. 831, 19 L. R. A. 733; *Ball* v. *Bennett* (1863), 21 Ind. 427, 83 Am. Dec. 356.

In *Staser* v. *Hogan* (1889), 120 Ind. 207, 220, 21 N. E. 911, 22 N. E. 990, the court said: "The test of whether a fact inquired of on cross-examination is collateral is this: Would the cross-examining party be entitled to prove it as a part of his case? * * * *Welch* v. *State* [1885], 104 Ind. 347, 351, 352 [3 N. E. 850]."

It has also been held by this court in *Seller* v. *Jenkins* (1884), 97 Ind. 430, 434-439, that while the rule is that evidence contradicting the statement of a witness as to collateral matters is not admissible, it does not apply to any facts immediately and properly connected with the main subject of inquiry. It was said on page 435: "The effect of proving contradictory statements extends no further than the question of credibility. Such evidence does not tend to establish the truth of the matters embraced in the contradictory statements; it simply goes to the credibility of the witness. *Davis* v. *Hardy* [1881], 76 Ind. 272; *Hicks* v. *Stone* [1868], 13 Minn. 434. This consideration, in itself, supplies a strong reason for allowing a liberal latitude in cross-examining, for the purpose of laying the foundation for impeachment, for a witness who tells a falsehood concern-

ing a matter incidentally connected with the subject of the action is as likely to testify untruly as if the falsehood had directly affected the issue. It is difficult to perceive why a material falsehood concerning a matter collaterally related to the main question is not as effective against the credibility of the witness as one immediately bearing upon the question. The courts do not put the rule, that a witness cannot be impeached upon collateral matters, on the ground that the nearer the false statement is to the main issue, the stronger is its effect upon the testimony of the witness; it is put upon an entirely different ground. By one court it is put upon the ground that the time of the court is too limited to permit collateral inquiries. *Attorney-General* v. *Hitchcock* [1847], 1 Exch. *91. An older and stronger reason is that stated in the leading case of *Spenceley* v. *DeWillott* [1806], 7 East 108, and that reason is that such a practice would confuse the jury by an interminable multiplication of issues.''

It is evident that no reversible error was committed in admitting the evidence of said witnesses as to the statements made by Corbin at Bunker Hill. Nor was any reversible error committed by the court in permitting the witness who testified that he saw Corbin, about two and one-half miles south of Bunker Hill, riding the horse at a ''right fast trot'' to testify that he said to Corbin, ''Too fast, young man, too fast for that big horse.'' Even if the admission of said evidence was erroneous, it was harmless.

It is insisted by appellant that the court erred in admitting in rebuttal (1) the testimony of one Cunningham as to the effect of driving a horse on a hot, dusty road, and (2) the testimony of one Laird, concerning Culp being the agent of appellant. It is not necessary to determine whether said evidence should have been given in chief instead of rebuttal, for the reason that if it should have been so given, it was within the discretion of the trial court to permit it to be given in rebuttal, and such action of the

court does not constitute reversible error, unless it is shown that the court abused this discretion. *Tinkle* v. *Wallace* (1906), 167 Ind. 382, 393, 79 N. E. 355, and cases cited; *Fitzpatrick* v. *Papa* (1883), 89 Ind. 17, 21. See, also, *Hire* v. *State* (1896), 144 Ind. 359, 361, 367, 43 N. E. 312, and cases cited.

It is claimed by appellant that the court erred in permitting a page of a work on veterinary surgery to be introduced in evidence, for the reason that "medical and other scientific books are not admissible at the trial of an action as affirmative evidence." Appellee claims that said evidence was introduced to discredit the testimony of an expert witness and as a part of his cross-examination.

In *Hess* v. *Lowrey* (1890), 122 Ind. 225, 23 N. E. 156, 7 L. R. A. 90, 17 Am. St. 355, this court said at p. 233: "It is recognized as a proper method of cross-examination, in order to test the learning of a witness, who testifies as an expert, to refer to books of approved authority upon the subjects under investigation. *City of Ripon* v. *Bittel* [1872], 30 Wis. 614; *Connecticut Mut. Life Ins. Co.* v. *Ellis* [1878], 89 Ill. 516; *Pinney* v. *Cahill* [1882], 48 Mich. 584, 12 N. W. 862; *State* v. *Wood* [1873], 53 N. H. 484; Rogers, Expert Test. §§181, 182. The opinion of a witness may be tested by a cross-examining counsel by reading from medical books. 2 Best, Evidence 882-884. Medical books may be read to the jury, not for the purpose of proving the substantial facts therein stated, but to discredit the testimony of experts who refer to books as authority for, or in support of, their opinions."

Appellant has not set out in his brief that part of the cross-examination of said expert witness, nor the substance thereof, in regard to the extract from the work on veterinary surgery read to the jury, nor has he set out the extract read to the jury as required by rule twenty-two of this court. The determination of said question is therefore waived. *Lake*

*Erie, etc., R. Co.* v. *Shelley* (1904), 163 Ind. 36, 47, 48, 71 N. E. 151, and case cited; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 293, 294, 69 N. E. 546.

Moreover, the objection urged against the admissibility of said evidence in this court was not made in the court below. No grounds why said evidence was not admissible were stated to the court below. The objection here made to said evidence is unavailing, because not presented to the court below. *Pittsburgh, etc., R. Co.* v. *Martin* (1901), 157 Ind. 216, 229, 61 N. E. 229; *Musser* v. *State* (1901), 157 Ind. 423, 431, 61 N. E. 1; *Indiana Improvement Co.* v. *Wagner* (1894), 138 Ind. 658, 663, 38 N. E. 49.

Complaint is made by appellant of instructions six and seven, given to the jury at the request of appellee, on the ground that it is assumed in each of said instructions that Culp was the agent of appellant in the purchase of said horse. Said instructions, when read and construed in connection with all the other instructions given, as they must be (*Musser* v. *State, supra*), are not open to said objection. On the contrary, the court, at the request of appellant, instructed the jury in express terms that "the burden was upon appellee to prove by a preponderance of the evidence that Culp was the agent of appellant in the purchase of said horse, and if the evidence was evenly balanced on that question or if the preponderance of the evidence was that Culp was not the agent of appellant in said transaction, the verdict should be for appellant on the first and third paragraphs of the complaint."

Complaint is made by appellant of instruction five, given at the request of appellee. While said instruction is not complete, and does not refer to defendant's answer, it is evident that when read and considered in connection with all the other instructions given, it could not have misled the jury.

Objection is made by appellant to instruction thirteen, given to the jury at the request of appellee, but as neither

said instruction nor the substance thereof is set out in appellant's brief the objection urged against it is waived. *Chicago Terminal, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090.

Objection is made to instructions fourteen, sixteen and seventeen, given at the request of appellee, on the ground "that they fail to take into consideration the defendant's defense that he purchased said horse of Culp and that Culp was to deliver the horse in Kokomo sound." Appellant admits "that said instructions would have been good if appellee had been suing Culp instead of himself, but that in this case he filed answers to the effect that he purchased the horse himself of Culp and that Culp was to deliver the horse sound at Kokomo." The defense of warranty is set up in the second and third paragraphs of answer, and in each paragraph appellant alleged that appellee agreed to deliver the horse "at Bunker Hill sound." It is not alleged in either paragraph of answer that appellee agreed "to deliver the horse at Kokomo sound." True, it is alleged in the second paragraph of answer that Culp sold the horse to appellant to be delivered at Kokomo in a sound condition, but appellee's right to recover did not depend on the alleged contract made between Culp and appellant.

The evidence showed that appellee sold the horse to Culp for $195, on June 21, to be delivered on June 26 at Bunker Hill, Indiana. At the time of the sale of the horse on June 21, Culp executed and delivered to appellee the check for $5, sued on in the third paragraph of complaint, as part payment on the horse. On June 26 appellant signed and delivered to Culp a blank check on a bank in Noblesville, Indiana. Culp filled the blanks in the check by making it payable to appellee for $190, and delivered it by his agent Corbin to appellee in payment of the balance of the purchase money for the horse when the horse was delivered to Corbin. It is

claimed by appellant that this check sued on in the second paragraph of complaint, was delivered to Culp in part payment for the horse, which Culp "agreed to deliver to him at Kokomo sound." Be this as it may, it is not material, for when he entrusted the blank check to Culp, and Culp filled the blanks and delivered it to appellee, the consideration therefor as between appellee and appellant was the sale of the horse by appellee to Culp, and not the sale of the horse by Culp to appellant. It is settled that when one signs a note or check in blank, and delivers it to another, that he thereby clothes the holder with implied authority to fill the blanks. "In such case, even if the blanks are filled in violation of the express understanding of the parties, he will be liable to an innocent holder, the note being negotiable. *Armstrong* v. *Harshman* [1878], 61 Ind. 52, 55 [28 Am. Rep. 665] ; *Cronkhite* v. *Nebeker* [1882], 81 Ind. 319 [42 Am. Rep. 127] ; Randolph, Commercial Paper §181." *DePauw* v. *Bank of Salem* (1891), 126 Ind. 553, 557, 25 N. E. 705, 26 N. E. 151, 10 L. R. A. 46. See, also, 1 Daniel, Negotiable Insts. (5th ed.) §§142, 843, 844.

It is said in 7 Cyc. 529: "A check [upon a bank] is negotiable by the law merchant." And see 2 Daniel, Negotiable Insts. (5th ed.) §§1651, 1652.

Even if the check for $190 had been made payable to, and was received by Culp in payment of the purchase money, appellant was to pay him for the horse, and Culp had indorsed and delivered it to appellee in payment of the balance due appellee on the horse from Culp, appellant could not have defended against it in the hands of appellee for failure of consideration on account of the breach of Culp's contract "to deliver the horse at Kokomo in a sound condition." It is evident that the objections to said instructions fourteen, sixteen and seventeen are not tenable.

Appellant complains of instruction three, given at the request of appellee, in regard to the rights of the parties to the action if the blank check delivered by appellant to Culp,

and sued on in the second paragraph of complaint, was a loan made by appellant to Culp, on the ground that there was no evidence given that Reddick made a loan to Culp, and that the instruction was not applicable to the facts proved.

No complaint is made of the law declared in said instruction three, but the complaint is that it was not applicable to the evidence given in the cause. It is evident from what we have said in regard to instructions fourteen, sixteen and seventeen, given at the request of appellee, and the objections of appellant thereto, that under the evidence in regard to said check for $190, and the consideration therefor in the hands of appellee, that said instruction three was harmless, even if there was no proof that the same was a loan by appellant to Culp, because whether the same was a loan to Culp, or delivered to him, as claimed, in payment of the purchase money appellant was to pay Culp for the horse, the rights of appellee and the liability of appellant thereon were the same.

It is insisted by appellant that the court erred in overruling his demurrer to the third paragraph of complaint which declared on the $5 check, signed by Culp.

It is a general rule that "the principal is not liable on a negotiable instrument signed by the agent in his individual name," or, as it is stated by some authorities, "No party can be charged as principal upon a negotiable instrument unless his name is thereon disclosed." 2 Ency. Law and Pr. 910; 1 Daniel, Negotiable Insts. (5th ed.) §303; 1 Clark & Skyles, Agency 734, 735.

In some states there may be exceptions to this rule, but the allegations of said paragraph are not sufficient to take the same out of the general rule stated. Whether such exceptions exist in this state, it is not, therefore, necessary to determine. It follows that the court erred in overruling appellant's demurrer to said third paragraph of complaint.

The questions presented by the statement of points in ap-

pellant's brief, and not already decided in this opinion, are concerning the admission in evidence against appellant of certain declarations of Culp, and the correctness of instruction ten, given at the request of appellee, all of which affect only the right of appellee to recover on the first and third paragraphs of the complaint, which are based on the theory that Culp was the agent of appellant in purchasing said horse from appellee. Conceding, without deciding, that the court erred in giving said instruction, and in admitting said declarations of Culp, said errors did not affect appellee's right to recover on the $190 check sued on in the second paragraph of the complaint.

The jury necessarily found by the general verdict either that appellee did not warrant the horse to be sound, or that the horse was sound when delivered by appellee to the agent Corbin at Bunker Hill on June 26. Appellee was therefore entitled to recover $190, the amount of the check sued on in the second paragraph of the complaint, together with interest thereon to the time the verdict was returned. The verdict of the jury was for $217.65, of which the verdict states $195 was principal, and $22.65 interest thereon. If $5.55 interest thereon to the date of the verdict is deducted therefrom the remainder thereof is on the second paragraph of complaint, unaffected by the error in overruling the demurrer to the third paragraph of complaint and the other alleged errors mentioned.

If appellee within thirty days remits $5.55 as of the date of the verdict, the judgment is affirmed, otherwise it will be reversed.

NOTE.—Reported in 98 N. E. 813. See, also, under (1) 16 Cyc. 1003; 53 Am. Dec. 773; (2) 40 Cyc. 2569; (3) 38 Cyc. 1411; (4) 38 Cyc. 1352; (5) 2 Cyc. 1014; 3 Cyc. 388; (6) 2 Cyc. 693; (7 and 8) 38 Cyc. 1778; (9) 2 Cyc. 1016; (10) 8 Cyc. 295; 1913 Cyc. Ann. 902; (11) 7 Cyc. 619; (12) 38 Cyc. 1621; (13) 31 Cyc. 1577; (14) 3 Cyc. 385. As to the declarations and acts of agents, see 131 Am. St. 306. As to the use of scientific books in connection with the examination of an expert witness, see 16 Ann. Cas. 818.