Filed November 26, 1895.

---

No. 17,604.

MILLER *v.* PREBLE, ADMINISTRATOR, ETC.

APPELLATE PROCEDURE.—*New Trial.*—*Affidavits.*—*Record.*—Alleged error in denying a motion for a new trial will not be considered on appeal, where affidavits filed in support of such motion are not brought into the record by order or bill of exceptions.

Miller *v.* Preble, Admr., etc.

DEPOSITION.—*Evidence.*—*Rebuttal.*—*Payment.*—Depositions containing evidence tending to rebut evidence given by defendant under a plea of payment may be read to the jury in rebuttal.

SAME.—*As Evidence in Rebuttal.*—*Abuse of Discretion.*—Permitting depositions embracing evidence in chief only to be read in rebuttal is not necessarily an abuse of discretion.

EVIDENCE.—*Parol.*—*Of Statements Made on Examination and Taken Down in Shorthand, and Signed by the Party.*—Parol evidence is admissible of statements made by one of the parties in an examination which was taken down in shorthand only, and does not appear to have been taken before an authorized officer, although it was signed by such party.

WITNESS.—*Refreshing Memory from Shorthand Notes.*—A witness may refresh his memory by reference to shorthand notes of an examination of one of the parties before a person whose official character is not disclosed, where he afterwards states that independently of such notes he remembers that the statements made therein were made by such party on examination.

From the Howard Circuit Court.

*D. A. Wood* and *Blacklidge & Shirley*, for appellant.

*J. F. Morrison, C. M. Pollard* and *Bell & Purdum*, for appellee.

JORDAN, J.—Appellee instituted this action against appellant, to recover a money judgment, and to enforce a vendor's lien against the real estate described in the complaint.

A trial, by jury, resulted in a verdict in favor of appellee, and over appellant's motion for a new trial judgment was rendered for the amount assessed by the jury, and for a foreclosure of the lien in question.

The first contention of appellant's learned counsel is, that there was error in the trial court, allowing one John Ingles, a witness in behalf of appellee, to testify relative to certain statements made by appellant in a former examination. This question is not clearly pre-

sented by the record, for the reason that the objections and exceptions interposed by appellant to the evidence, and the ruling of the court thereon, are so irregular and in such confusion in the bill of exceptions as to leave the question in doubt as to what were the grounds of the objections made. It may be said to appear, however, from the statements of Ingles, when on the witness-stand, that he was a stenographer, and that previous to the trial he had acted in that capacity, in taking down in shorthand notes an examination of appellant, had before one Jacob Kroch, whose official character, if any, is not disclosed. Appellee, for the purpose of impeachment, sought to prove by this witness, that the appellant had, upon the occasion of this examination, made statements upon certain material points which were different from those made by him upon the trial, relative to the same points.

It further appears that the witness, after refreshing his memory by his shorthand notes made by him upon the aforesaid occasion, read therefrom to the jury certain parts of appellant's examination, bearing upon the question involved. The witness stated that after refreshing his memory by these notes he remembered, independently thereof, that the statements which he had read to the jury were those made by the appellant upon said examination. There is no contention that these statements as given to the jury by this witness were not correct.

Under the facts, as far as they are disclosed to us by the record, the court did not err in permitting this witness to thus testify. *Sage* v. *State*, 127 Ind. 15; *Bass* v. *State*, 136 Ind. 165.

But appellant's counsel urge and say "That this examination bore the signature of appellant, and was taken under the statute, and if appellee desired to use it

upon the trial to impeach appellant, as a witness, he ought to have introduced the written examination as an entirety and not in parts." But this latter proposition is not borne out or presented by the record, inasmuch as it does not appear therefrom, that the examination in question was taken before any authorized officer, or that it had been filed as a deposition in court, or that it existed at the time of the trial in any other form than the shorthand notes of the stenographer. Surely if the examination had been taken by appellee, and filed under the statute, and had the latter seen fit to have used it upon the trial to impeach appellant, he could not have been compelled to read the entire deposition to the jury, but would have been permitted to select and read such parts, if he desired, as tended to contradict or impeach the witness upon the material point in question. In this event, however, appellant would have had the right, at the proper time, to have read to the jury so much, or all, if necessary and pertinent, as tended to explain or modify the statements introduced against him, or as tended to show that his testimony on the examination upon the point involved was consistent with the statements made by him upon the trial. *Bass* v. *State, supra.*

The next alleged error of which appellant complains is that of the court in admitting the depositions of Catherine Earley and W. S. Young, for the reason, as insisted, that these depositions embraced evidence in chief only. The cause was to put at issue by a denial, and plea of payment, and the depositions in controversy seem to contain evidence, which at least tends to rebut that of appellant given under his plea of payment, and therefore they were proper to be read to the jury in rebuttal. But if it were conceded that these depositions were wholly in chief, it however was within the discre-

tion of the court to admit them at any stage of the trial, and unless an abuse of this discretion, prejudicial to appellant, was properly disclosed by the record, the action of the court in admitting them in rebuttal would not alone constitute reversible error. *Western Union Tel. Co.* v. *Buskirk*, 107 Ind. 549 ; *Stewart* v. *Smith*, 111 Ind. 526.

Appellant's next and last contention is that his motion for a new trial should have been sustained upon the ground of newly discovered evidence.

In support of this cause for a new trial, appellant filed affidavits, but these have not been brought into the record by an order of court or bill of exceptions.

This was necessary in order to present any question to this court, upon an appeal, relative to the newly discovered evidence. *Harper* v. *State, ex rel.*, 101 Ind. 109.

There is no apparent available error, and the judgment is therefore affirmed.