(45 South. 732.)

No. 16,787.

LONGINO v. SHREVEPORT TRACTION CO.

(Feb. 3, 1908. Rehearing Denied March 2, 1908.)

1. APPEAL—REVIEW—CONFLICTING EVIDENCE.

Where the evidence is conflicting, the verdict of the jury, approved by the trial judge, is entitled to great weight.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3949.]

2. TRIAL—REBUTTAL EVIDENCE.

Evidence in rebuttal should be confined to new matter brought out by the defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 146–155.]

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Action by Luther Longino against the Shreveport Traction Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Hall & Jack and Stewart & Stewart, for appellant. Wise, Randolph & Rendall, for appellee.

LAND, J. This is a suit for $10,000 damages for personal injuries sustained while the plaintiff was a passenger on one of the defendant's electric cars in the city of Shreveport. The negligence charged as the cause of the injuries was the alleged sudden starting of the car as the plaintiff was on the step and in the act of getting off. Among other defenses, the answer sets forth that the plaintiff recklessly and carelessly jumped from the car while it was in motion, in spite of the conductor's warning.

There was a verdict and judgment in favor of the defendant. Plaintiff has appealed.

The issues are purely of fact. The question is whether or not the car stopped, and then suddenly moved forward as the plaintiff was in the act of stepping off. Plaintiff and his companion, Martin, testified that the car had stopped. The conductor and the motorman testified directly to the contrary. Plaintiff and Martin testified that there were no other passengers on the car on the occasion in question. The conductor and motorman testified that there were other passengers, and several persons testified to their presence on one of defendant's cars on or about the same date, when a similar accident occurred and the man injured was carried to the same sanitarium. None of these passengers noticed or observed any stop of the car at the time of the accident. In their testimony plaintiff's witnesses admit that they are unable to locate the place of the accident with any degree of certainty. The conductor and motorman swore that the accident occurred about 50 yards west of Lawrence street, which was the next stop. Such was the report of the conductor made at the time. It is conceded

that the car stopped about 50 yards beyond the place of the accident. The motorman knew nothing of the accident, and the evidence discloses no reason for his stopping at Lawrence street, save for the purpose of putting off the plaintiff and his friend, Martin. The fair inference is that a double stop was not made within the distance of half' a block for the same purpose. In addition to the testimony of the motorman and the conductor that there was no stop at the time of the accident, there is the evidence of several witnesses tending to the same conclusion. The contention that the testimony of these witnesses refer to another and similar accident on defendant's road about the same time is not sustained by the evidence. There is nothing in the record to show that during the same month two different men were injured in the same manner on Texas avenue and were carried to the same sanitarium for treatment.

On the face of the record the evidence preponderates in favor of the defendant. Such was the conclusion of the judge and jury, which should have weight with this court on questions of fact, where the evidence is conflicting.

There is complaint of the charge of the court as trenching on the facts of the case. The charge was read as written, and on objection made the judge repeated his charge, omitting, however, the part to which exception had been taken.

The judge says that the matter objected to was his appreciation of the contention of counsel for plaintiff as set forth in their argument, and on exception being made the court at once yielded, and repeated its charge, omitting the objectionable remarks. We have no good reason to believe that the jury was unduly influenced by the incident. The judge expressed no opinion on the facts. His fault, if any, consisted in an incorrect statement of the contention of plaintiff's counsel.

There is also complaint as to the exclusion of the testimony of Martin, offered in rebuttal, to prove the correctness of a certain diagram showing "the location where the accident about which he had testified happened." The testimony and diagram were ruled out, because the evidence thus offered was not admissible in rebuttal, being merely supplementary to evidence already adduced by the plaintiff on the same subject-matter. The witness Martin had been cross-examined and re-examined as to the locality of the accident. On cross-examination he stated that he did not know the street, but it was just above and west of the sanitarium. On re-examination the same witness stated that the next morning he visited the locality to find out where the plaintiff fell, but could not find any blood, could not find the place exactly, and could not find any one who knew anything about it. The testimony of a witness on the same point is not properly rebuttal evidence, which should be confined to new matter adduced by the defense. Moreover, even if the witness had been permitted to testify to the correctness of the diagram as to the very spot on which the plaintiff fell, his previous testimony would deprive such evidence of any material probative effect.

Judgment affirmed.