## SANGER ET AL. *v.* BACON ET AL.

[No. 21,935. Filed May 29, 1913. Rehearing denied October 28, 1913.]

1. PLEADINGS.—*Amendment During Trial.—Discretion of Court.— Appeal.*—The allowance or refusal of amendments to the pleadings during trial is in the discretion of the trial court, and its action will not be disturbed on appeal unless an abuse of such discretion clearly appears. p. 326.

2. WILLS.—*Contest.—Complaint.—Refusal to Permit Amendment During Trial.*—In an action to contest a will on the grounds of mental incapacity, undue execution, duress and fraud, the court's refusal to permit the amendment of the complaint at the trial, by alleging as an additional ground that certain pages of the will had been fraudulently substituted, was not an abuse of discretion, where it appears that the amendment was offered after the cross-examination of one of defendant's witnesses and after plaintiffs had rested their case without having attempted to introduce any evidence tending to support the issue sought to be raised by the amendment. p. 326.

3. WILLS.—*Contest.*—*Testamentary Capacity.*—*Evidence.* — Testimony of the widow of a cousin of deceased testator, who took care of such testator during his last illness, and was not remembered in the will, that she was not to receive any wages, but that she was to furnish the furniture and he was to furnish the fuel and table provisions, and that he never made any statements to her that he would remember her in his will, could afford no basis for a legal claim against the estate and was not a proper foundation for the admission of evidence as to her financial condition as bearing on testator's mental capacity. p. 326.

4. WITNESSES.—*Impeachment.*—*Contradictory Statements.*—*Wills.* —Proof of contradictory statements made by a witness merely affects his credibility, and does not tend to establish the truth of the matters embraced in such statements, so that evidence of statements by one of several contestees in a will case, contradictory to the testimony given by him as a witness in support of the will, offered only for the purpose of impeachment, should not be excluded on the theory that its admission would affect the interests of the other contestees, but, if the foundation for impeachment has been made, the same should be admitted and its effect limited by a proper instruction. pp. 327, 328.

5. WITNESSES.—*Impeachment.*—*Statements on Collateral Matters.* —A witness cannot be impeached by contradiction on merely collateral matters. p. 327.

6. WITNESSES.—*Impeachment.*—*Contradictory Statements.*—*Wills.* —*Testamentary Capacity.*—A statement by a witness out of court, when told who had prepared testator's will, that "if he didn't have D. prepare that will he must have been crazy" is not contradictory of her testimony that he was of sound mind, since such statement is not equivalent to a statement that testator was of unsound mind at the time his will was executed, but is more in the nature of an exclamation of surprise, and was not admissible for the purpose of impeachment. p. 328.

7. EVIDENCE.—*Competency.*—*Impeaching Evidence.*—Before evidence of an impeaching character can be considered as competent, it must appear that such evidence, after being construed most favorably to the witness sought to be impeached, is contradictory of what the witness states at the trial. p. 328.

8. WILLS.—*Contest.*—*Opinion Evidence.*—*Qualification of Witness.* —Testimony of a witness that he was acquainted with the testator and had observed him on numerous occasions, was sufficient to qualify him to express an opinion as to testator's mental condition at the time such observations were made, and it was for the jury to determine what, if any, weight should be given to his testimony. p. 329.

9. APPEAL.—*Questions Reviewable.*—*Motion to Strike Out Evidence.*—*Form.*—A motion to strike out the answer of a witness on the ground that the question "is simply in the nature of a conclusion and not calling for facts" is too broad to present any question on appeal. p. 329.

10. TRIAL.—*Evidence.*—*Motion to Strike Out Question and Answer.*—Where no objection is made to a question until after it is answered, and no objection is made to the answer, a motion to strike out the question and answer should be denied. p. 329.

11. WILLS.—*Contest.*—*Harmless Error.*—*Exclusion of Evidence.* —Error, if any, in refusing to permit a witness to be asked on cross-examination, preliminary to an attempt to show that pages of a will had been substituted, whether the sheets of paper containing the will were fastened together at the time such will was signed and, if so, to state how they were fastened, was harmless, where the witness, in response to a first direct question, had testified that the pages were the identical pages attached thereto at the time the will was signed, and that they had not been altered in any way. p. 330.

12. APPEAL. — *Review.* — *Refusal to Strike Words from Testimony.*—Error cannot be predicated on the refusal to strike the words "the same as any other sick man" from the testimony as to the condition of a testator, in which the witness said, "He had his teeth out, and he lay there in bed the same as any other sick man," in view of the fact that appellants could have cross-examined the witness as to what was meant by the phrase. p. 330.

13. APPEAL.—*Review.*—*Hypothetical Questions.*—The fact that the preface to a hypothetical question propounded to an expert witness is neither to be commended nor approved, does not render erroneous the rulings permitting such question and the answer thereto. p. 330.

14. APPEAL.—*Review.*—*Failure to Show Error.*—*Withdrawal of Evidence from Jury.*—Even if any exception exists to the rule that a witness cannot be corroborated by self-serving declarations, alleged error in withdrawing from the jury certain evidence of a witness corroborative of her previous testimony, would be unavailing in the absence of a showing that appellants come within such exception. p. 331.

15. WILLS.—*Contest.*—*Evidence.*—*Former Will.*—*Formality of Execution.*—Where, in an action to set aside a will, contestees introduced a former will for the purpose of showing continuity of mind on the part of the testator, and the authenticity of such former will was admitted, the formality of its execution was not in issue, so that the testimony of the attesting witnesses on that point was immaterial. p. 331.

16. TRIAL.—*Rebuttal.*—*Scope.*—It is not competent for a party on

cross-examination to go into a matter not in issue and afterwards rebut the testimony so called out. p. 331.

17. TRIAL.—*Evidence.—Order of Admission.—Rebuttal.—Discretion of Court.*—The admission or exclusion, in rebuttal, of evidence which should have been given in chief, is within the discretion of the trial court. p. 332.

18. WILLS.—*Contest.—Evidence.—Probate.—Instructions.* — An instruction that the fact that a will was admitted to probate is *prima facie* evidence that decedent was of sound mind and disposing memory, and that such will was duly and properly executed, and must prevail unless overcome by a preponderance of the evidence, correctly states the law. p. 332.

19. APPEAL.—*Review.—Instructions.— Withdrawing Issues.* — Instructions are not erroneous on the ground that their effect is to withdraw from the jury certain elements of the case, where there was no evidence tending to show such elements. pp. 332, 333.

20. APPEAL.—*Review.—Searching Record.*—The court will not search the record on appeal in order to reverse the judgment of a lower court. p. 333.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by Simeon L. Sanger and others against Martha Bacon and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*L. V. Cravens* and *Otto J. Bruce,* for appellants.

*Schuyler C. Dwyer* and *Frank B. Pattee,* for appellees.

SPENCER, C. J.—Appellants brought this action to set aside the last will and testament of Sidney B. Sanger, deceased. A trial by jury resulted in a verdict and judgment in favor of appellees, from which this appeal is taken.

It appears from the complaint that the grounds on which appellants sought to have the will declared invalid are as follows: "(1) That said Sidney B. Sanger, at the time said pretended will was attempted to be executed, was a person of unsound mind; (2) that said pretended will was unduly executed; (3) that said pretended will was executed under duress; and (4) that said pretended will was fraudulently obtained." During the trial appellants sought to amend their complaint by inserting therein the following words by way of additional grounds of contest: "(5) That after

said pretended will had been taken from the last place of residence of the deceased, Sidney B. Sanger, the pages previous to what is now the third page of said pretended will had been removed fraudulently, and that the first and second pages of the pretended will, as probated, were inserted.'' The trial court refused to permit the amendment and that ruling presents the first question for our determination.

The allowance or refusal of amendments to the pleadings in a cause is in the discretion of the trial court and an order allowing or refusing such amendment will not be

1. disturbed on appeal unless it clearly appears that the court has abused its discretion. *Todd* v. *Crail* (1906), 167 Ind. 48, 57, 77 N. E. 402; *Burnett* v. *Milnes* (1897), 148 Ind. 230, 235, 46 N. E. 464; *Citizens' State Bank* v. *Adams* (1883), 91 Ind. 280, 287. The amendment in question was offered after the cross-examination by

2. appellants of one of appellees' witnesses and after appellants had rested their case. They had not previously attempted to introduce any evidence tending to support the issue sought to be raised by the amendment and we can not say that the trial court abused its discretion in refusing to allow it to be made at that time.

The second assignment of error is that the trial court erred in overruling appellants' motion for a new trial. In the first ground of this motion, complaint is made

3. of the court's refusal to permit appellants to show the financial condition of Ollie Sanger, widow of a cousin of the testator, who took care of the latter during his last illness and for some weeks prior thereto. The evidence was excluded on the theory that, not being a blood relative of the deceased, Mrs. Sanger was not one of the natural objects of his bounty, and evidence as to her financial condition was not material in determining the testator's soundness of mind. Appellants contend ''that one not a relative who has performed for a long period of time menial service for another in a satisfactory manner is in a position to ap-

peal strongly to one who has a large estate to distribute and leaves neither wife nor children.'' Mrs. Sanger had testified, however, that when she went to the testator's place to keep house for him, about three months before his death, it was agreed between the parties that she was not to receive any wages, but that she was to furnish the house with furniture which she then owned, while he would furnish the fuel and provisions for the table. The witness further testified that decedent never made any statements to her that he would remember her in his will or anything to that effect. It is clear that this evidence could afford no basis for a legal claim against the testator's estate and is not a proper foundation in this action for the admission of evidence relative to the financial condition of the witness.

Complaint is next made of the refusal of the trial court to permit appellants to prove an alleged admission made out of court by appellee Martha Bacon that the deceased was not in his right mind when the will in contest 4. was executed. Appellees contend that this was not error for the reason that an admission by one of several contestees of a will that the testator was of unsound mind when the will was executed is inadmissible in an action to revoke the will on the ground of mental incapacity, since the other devisees could not be bound thereby, and its admission without affecting their interests would be impossible. *Roller* v. *Kling* (1898), 150 Ind. 159, 49 N. E. 948; *Shorb* v. *Brubaker* (1884), 94 Ind. 165; *Ryman* v. *Crawford* (1882), 86 Ind. 262, 267; *Hayes* v. *Burkam* (1879), 67 Ind. 359.

The excluded evidence, however, was not offered in support of appellants' case, but only for the purpose of impeachment. A witness may be contradicted by evidence tending to show that he has made statements 5. out of court directly relevant to the subject-matter of the action and contradicting the testimony given by him as a witness, but he cannot be impeached by contradiction on merely collateral matters. *Miller* v. *State* (1910), 174

Ind. 255, 260; 91 N. E. 930; *Blough* v. *Parry* (1896), 144 Ind. 463, 467, 40 N. E. 70, 43 N. E. 560; *Pape* v. *Lathrop* (1897), 18 Ind. App. 633, 650, 46 N. E. 154; 1 Wharton, Evidence (3d ed.) §§558, 559. As was said in *Seller* v. *Jenkins* (1884), 97 Ind. 430, 435, "the effect of prov-

4. ing contradictory statements extends no further than the question of credibility. Such evidence does not tend to establish the truth of the matters embraced in the contradictory statements; it simply goes to the credibility of the witness." See, also, *Reddick* v. *Young* (1912), 177 Ind. 632, 98 N. E. 813; *Ohio, etc., R. Co.* v. *Stein* (1892), 133 Ind. 243, 246, 31 N. E. 180, 32 N. E. 831; 19 L. R. A. 733; *Davis* v. *Hardy* (1881), 76 Ind. 272, 281. It follows, therefore, that if a proper foundation was laid for the impeachment of the witness, the evidence should have been admitted and its effect limited by a proper instruction. On

6. direct examination Mrs. Bacon, in response to a question asking her opinion as to the testator's mental capacity up to the day of his death, replied: "In my opinion I can truthfully say that he was of sound mind." On cross-examination she was asked whether, on a certain designated occasion, when told who had prepared the will, she had said that "if he (the testator) didn't have Dwyer prepare that will he must have been crazy"? To this she replied in the negative and in rebuttal appellants sought to prove that on the occasion indicated, the witness, Mrs. Bacon, had made the statement attributed to her. Before evidence of

7. an impeaching character can be considered as competent, it must appear that such evidence is contradictory of what the witness states at the trial, and such contradiction must appear after the evidence is construed most favorably to the witness sought to be impeached; otherwise every statement made out of court in reference to a matter in issue might become the subject of proof and be dis-

6. torted from its true meaning into some imaginary contradiction. As a witness Mrs. Bacon had testified

positively that in her opinion the testator was of sound mind when the will in contest was executed.    The statement alleged to have been made out of court is in the alternative and, fairly interpreted, is not equivalent to a declaration or a necessary imputation that the deceased was of unsound mind at the time his will was executed, but is more in the nature of an exclamation of surprise.    There was no error in refusing its admission in evidence.

The third reason assigned for a new trial was the overruling of appellants' motion to strike out the following question propounded to witness Yates C. Vosburgh and his answer thereto:   Q.   "You may state to the jury what his general physical and mental condition was from your observation during the time he lived on the farm west of town."   A.   "Why, I considered him a man of ordinary intelligence, like an ordinary farmer or business man; seemed to take an intelligent view of any question that we would have under consideration."   Appellants moved to strike this out "because it is simply in the nature of a conclusion and not calling for facts."   The witness had stated that he was acquainted with the testator and had observed him on numerous occasions.    This was sufficient to qualify him to express an opinion as to decedent's mental condition at the time indicated and left it to the jury to determine what weight, if any, should be given to his testimony.    The question propounded to the witness was a proper one and the motion to strike out is too broad to present any question here.    Where no objection is made to a question until after it is answered, and no objection is made to the answer, a motion to strike out the question and answer should be denied.    *Lake Shore, etc., R. Co.* v. *McIntosh* (1895), 140 Ind. 261, 280, 38 N. E. 476; *Ginn* v. *State* (1903), 161 Ind. 292, 294, 68 N. E. 294; *Treschman* v. *Treschman* (1902), 28 Ind. App. 206, 213, 61 N. E. 961.

It is next insisted that the court erred in refusing to per-

mit appellants to ask the witness, Belshaw, on cross-examination, whether the sheets of paper containing the testator's will were fastened together at the time said will was signed and, if so, to state how they were fastened. The witness was the attorney who prepared the will and the question was preliminary to an attempt to show that certain pages of the will as probated had been substituted for certain others in the original instrument. It is sufficient to say in this connection that the error, if any, in the court's ruling was harmless for the reason that in response to a direct question as to whether such pages had been substituted, the witness replied: "They were not. Those two pages are the identical two pages that were attached to the last one at the time he signed it, and have not been altered even to the extent of a comma."

The trial court committed no error in refusing to strike from the evidence of another witness the words "the same as any other sick man," used in the following answer: "He had his teeth out, and he lay there in bed the same as any other sick man." An opportunity was given appellants to cross-examine the witness as to what she meant by the phrase, and that was sufficient. *Swygart* v. *Willard* (1906), 166 Ind. 25, 29, 76 N. E. 755; *Johnson* v. *Thompson* (1880), 72 Ind. 167, 171, 37 Am. Rep. 152.

Complaint is also made of certain rulings of the trial court relative to a hypothetical question propounded by appellees to an expert witness and the answer thereto. The question and answer cover over twelve pages of the record and no good purpose can be served by setting out even the substance of the same in this opinion. We have carefully considered the objections urged, however, and, while the preface to the question is not to be either commended or approved, we are convinced that there was no error in the rulings of the court.

It is further insisted that the court erred in withdrawing

from the jury certain evidence of the witness, Charlotte Sanger, by way of corroboration of her previous testimony as to the testator's mental capacity. Appellants concede the general rule to be that a witness can not be corroborated by self-serving declarations but contend that there is an exception to this rule "where the witness is thought to be impeached or where the attorney for the opposite party tries to discredit the witness." Admitting without deciding, that the exception exists, it can not avail appellants here for the reason that they have wholly failed to point out in what manner they come within such exception.

During the trial appellees introduced in evidence a former will made by deceased some years previous to the instrument in suit, for the purpose of showing a continuity of mind on the part of the testator. Of the two witnesses to the alleged first will, one testified that he did not sign the same in the presence of decedent. The other witness to said instrument was ill when this cause was tried and appellees were permitted to show by a physician that in his opinion it would be unsafe for said witness to attend the trial. This is urged as error, appellants' claim being that no opportunity was given for the taking of the witness' deposition. The testator's signature to the old will and the due preservation of that document were not disputed and its authenticity was admitted. The question of the formality of its execution was not in issue and the testimony of the attesting witnesses on that point was immaterial.

In their evidence in rebuttal appellants sought to prove by two expert witnesses that the first two pages of the will as probated were not written at the same time the last page was written, but that subsequent to the signing of said will two pages of the original document had been removed and two other pages substituted therefor. No evidence tending to establish such facts had

been offered by appellants before resting their case nor was the issue in any way suggested during the trial until appellants cross-examined appellees' witness, Belshaw. He testified that the alleged substitution had not been made and appellants then offered to rebut his testimony by two expert witnesses. The offer was properly refused since it is not competent for a party on cross-examination to go into a matter not in issue and afterwards rebut the testimony so called out. 1 Greenleaf, Evidence (Lewis' ed.) §449; *Buckley* v. *Silverberg* (1896), 113 Cal. 673, 680, 45 Pac. 804; *Buck* v. *McKeesport* (1910), 227 Pa. St. 10, 75 Atl. 840; *Longino* v. *Shreveport Traction Co.* (1908), 120 La. 803, 45 South. 732. Appellants contend, however, that such evidence was competent under the issues as joined. Conceding, without determining, this contention, there was still no error in the court's ruling, for it is within the discretion of the trial court to admit or exclude in rebuttal evidence which should have been given in chief, and we can not say that in this instance the court has abused its discretionary power. *Miller* v. *Preble* (1895), 142 Ind. 632, 635, 42 N. E. 220; *Stewart* v. *Smith* (1887), 111 Ind. 526, 13 N. E. 48; *Baldwin* v. *Threlkeld* (1893), 8 Ind. App. 312, 322, 34 N. E. 851, 35 N. E. 841.

In instruction No. 3 the court told the jury that "the fact the will in question has been admitted to probate is *prima facie* evidence that the deceased was a person of sound mind and of disposing memory, and that the will was duly and properly executed, and must prevail unless overcome by a preponderance of the evidence." The instruction correctly states the law.

Appellants assert with particular emphasis that the trial court erred in giving on its own motion each of instructions Nos. 5, 6, 7 and 8, on the ground that "they all tend to withdraw every element from the case except the question of unsoundness of mind, although inferentially 'undue execution' remains." In determining this

question special reference need be made to instructions Nos. 5 and 6 only. Instruction No. 5 withdrew from the jury the third and fourth causes of contest as set out in the complaint, on the ground that there was no evidence that the will was executed under duress or that it was fraudulently obtained, but the instruction particularly told the jury that "this leaves for your consideration the first and second causes of contest named in the complaint, (1) the question of the unsoundness of the decedent's mind, and (2) the question as to whether the alleged will was duly executed or not." Instruction No. 6 cautioned the jury against considering certain statements made by appellants' attorneys in their argument, relative to the alleged substitution of pages in the will, and stated that there was no issue in the case involving that question.

It is a familiar rule that this court will not search the record on appeal in order to reverse the judgment of a lower court, but we have made a careful examination of appellants' statement of the evidence as set out in their brief and are unable to find therein any suggestion that the will in question was executed under duress or was obtained by fraud. The testator's signature to the will is in the form of a mark and the evidence does show, as appellants point out, that in making such mark the testator's hand and pen were guided by Mr. Belshaw, the attorney who drafted the instrument. But preliminary thereto it also appears that when the testator was informed by his physician of the serious nature óf what proved to be his last illness he voluntarily sent for Mr. Belshaw to come in and prepare his will; that he had the will read to him twice, once from the attorney's notes and once after the will was written, and stated it to be as he wished it; that he then made three attempts to sign the instrument himself, but in his weakened physical condition and because of a paralysis in his hands he was unable to do so; that the attorney then guided his hand while he made his mark; that at the time

the will was signed and during the proceedings preliminary thereto the only persons in the room with the testator were the attorney and a trained nurse, each disinterested in the will, while the only other person then in the house was Mrs. Sanger, the housekeeper.  There is nothing in this evidence tending to show duress nor does it appear that the will was in any way procured by fraud.  Appellants insist, however, that they were entitled to show that the document was fraudulently altered after the testator's death and that as the will itself was in evidence the jury should have been permitted to determine whether such alteration had been made in a fraudulent manner.  Appellants have failed to point out the alleged alteration and to properly present any evidence that the will in contest was executed under duress or was fraudulently obtained.  The instructions complained of contain no error.

We have carefully examined each of the questions presented by appellants but are convinced that the cause was fairly tried in the lower court.  The judgment is therefore affirmed.  The death of appellee, Martha Bacon, having been suggested to the court, the judgment is affirmed as of the date of submission.

NOTE.—Reported in 101 N. E. 1001.  See, also, under (1) 31 Cyc. 398; (2) 31 Cyc. 400; 40 Cyc 1271; (3) 40 Cyc. 1023; (4) 40 Cyc. 2707, 2764; (5) 40 Cyc. 2699; (6) 40 Cyc. 2699, 2701; (7) 40 Cyc. 2701, 2780; (8) 17 Cyc. 136; 40 Cyc. 1038; (9) 38 Cyc. 1404; (10) 38 Cyc. 1406; (11) 38 Cyc. 1460; 40 Cyc. 1359; (12) 38 Cyc. 1409; (13) 17 Cyc. 242, 244; (14) 38 Cyc. 1348, 1448; (15) 40 Cyc. 1026; (16, 17) 38 Cyc. 1355; (18) 40 Cyc. 1335, 1372; (19) 38 Cyc. 1612. As to effect of testimony of attesting witness in opposition or support of will, see 77 Am. St. 459.  As to what constitutes testamentary capacity or incapacity, see 27 L. R. A. (N. S.) 2.