ECHTERLING *v.* JACK GRAY TRANSPORT, INC., ET AL.

[No. 1069A187. Filed March 8, 1971.]

*Edward J. Raskosky, George Kohl, Nowicki, Raskosky, Kohl & Gaines,* all of Hammond, for appellant.

*John W. Barce, Barce, Barce & Vann,* of Kentland, *Barnard A. Petrie, Petrie & Petrie,* of Hammond, for appellee.

HOFFMAN, C.J.—Plaintiff-appellant appeals a negative judgment entered by the trial court on the verdict of the jury in a wrongful death action.

The facts in the record before us most favorable to appellees may be summarized as follows:

Janice Rae Echterling, deceased, was driving south on U. S. Highway 41, a four-lane highway with a double yellow center line, in Highland, Indiana. A tractor-trailer being driven by appellee-Ralph M. Trudeau while in the course of his employment by appellee-Jack Gray Transport, Inc., was proceeding north on said highway in the inner northbound lane due to the outer northbound lane being barricaded for the purpose of road construction. A vehicle driven by one Richard A. Dague and traveling in the same direction in front of the deceased collided with appellee's tractor-trailer. Following the first collision appellee's tractor-trailer crossed over the double yellow center line into the southbound lanes and crushed the vehicle being operated by the deceased. There was a dispute as to whether appellee's tractor-trailer crossed the double yellow center line prior to the first impact.

Appellant originally filed a complaint for wrongful death alleging negligence on the part of appellees and the operator of the vehicle which first collided with appellee-Transport's tractor-trailer. After a settlement was reached between appellant and the operator of the vehicle which first collided with appellee-Transport's tractor-trailer, proper amendments were made and appellant pursued only appellees.

Following a trial by jury the trial court entered judgment for defendants-appellees in accordance with the verdict. The overruling of appellant's motion for a new trial is the sole assignment of error.

Appellant has chosen to brief and argue that the trial court erred in giving certain of defendant-appellees' instructions, and that the trial court erred in overruling appellant's objec-

tion to testimony of Sgt. John Cosgrove regarding an opinion previously given by Sgt. Cosgrove.

It is the well-established law in Indiana that "[t]he decision of the trial court comes to us clothed with the presumption that a correct result was reached and the burden is upon appellant * * * to overcome that presumption." *A.S.C. Corporation* v. *First Nat. Bank, etc.,* 241 Ind. 19, at 23, 167 N. E. 2d 460 at 462 (1960) ; *Souerdike* v. *State,* 231 Ind. 204, 206, 108 N. E. 2d 136, 138 (1952).

Appellant contends that the trial court erred in giving to the jury defendants-appellees' Instructions Nos. 4, 5 as modified, 6, 7, 10 as modified, and 12.

Appellees' Instruction No. 5, as modified, is as follows:

"If you should find from a consideration of all of the evidence that the plaintiff's decedent herein was guilty of any negligence, no matter how slight, which proximately contributed to her death, then plaintiff would not be entitled to recover in this cause."

Appellant objected on the grounds that there is no evidence that the decedent was guilty of any negligence and that it is a mandatory instruction.

In reviewing the record before us we may consider only the evidence most favorable to appellees, together with any reasonable inferences which may be drawn therefrom, and it is only when there is no conflict in the evidence and it can lead only to a conclusion contrary to the one which the trial court reached, will the decision be reversed. *A.S.C. Corporation* v. *First Nat. Bank, etc., supra; Souerdike* v. *State, supra; Pokraka* v. *Lummus Co.,* 230 Ind. 523, 529, 532, 104 N. E. 2d 669 (1952). The same principle applies for evidence to support the giving of instructions.

In *Perry* v. *Goss,* 253 Ind. 603, 255 N. E. 2d 923, at 925, 20 Ind. Dec. 433, at 435 (1970), Judge Arterburn, speaking for our Supreme Court, defined mandatory instruction as follows:

"A mandatory instruction is one in which there is an attempt to *set out certain facts* upon which the jury is directed to reach a certain result." (Emphasis supplied.)

Appellees' Instruction No. 5, as modified, does not recite certain facts upon which the jury is directed to reach a certain result and is, therefore, not mandatory.

Appellant contends that it was reversible error to give appellees' Instruction No. 5, as modified, because the issue of contributory negligence was not raised in the pleadings or at trial. Acts 1959, ch. 63, § 1, p. 130, Ind. Stat. Anno., § 2-1025, Burns' 1967 Repl.,[1] the provision applicable to the instant case, states, in part, as follows:

"Contributory negligence, on the part of the plaintiff, or such other person, shall be a matter of defense, and such defense may be proved under the answer of denial and affirmance and without specifically alleging such contributory negligence in a separate paragraph of answer: * * *."

Appellees denied the allegations of negligence in their answer. Thus, we must look to the evidence, and all reasonable inferences that may be drawn therefrom, in a light most favorable to appellees and if there is *any* evidence of contributory negligence the instruction in question was proper.

The record before us reveals testimony that the speed of the vehicle being operated by Janice Rae Echterling was 15 to 20 miles per hour, or 30 to 40 miles per hour, at the time of the first impact. At the time of the first collision the vehicle operated by Mrs. Echterling was approximately 200 feet north of appellee-Transport's tractor-trailer on U.S. Highway 41, and that some time elapsed between the first and second collision. There is testimony that the deceased did not turn to the left or right, or attempt to stop, and that the brake lights did not come on. While such testimony is not conclusive, it does entitle appellees to an instruction

---

1. See: TR. 9.1(A), Indiana Rules of Procedure.

on contributory negligence. Therefore, the giving of Instruction No. 5, as modified, was not reversible error.

Appellees' Instruction No. 4 is as follows:

"The defendants have raised the defense that the negligence of a third person, namely, Richard A. Dague, was the sole proximate cause of the accident and death here complained of. If you find from a preponderance of all of the evidence that the accident here in question was solely caused by the negligence of a third person, and not by any negligent act or omission on the part of the defendants Jack Gray Transport, Inc., and Ralph M. Trudeau, then your verdict must be for the defendants."

Appellant objected on the ground that the instruction was mandatory.

Based upon the definition of a mandatory instruction as stated in *Perry* v. *Goss, supra,* appellees' Instruction No. 4 is not mandatory and, therefore, proper.

Appellees' Instruction No. 6 is as follows:

"The Court instructs the jury that any person who violates a duly enacted statute of the State of Indiana regulating the operation of a motor vehicle is negligent in the eyes of the law and any innocent person injured by such violation of a positive statute regulating the operation of a motor vehicle, if it be the proximate cause of the injury may recover damages from such person or corporation, unless the evidence discloses that compliance with the statute was impossible or non-compliance was excusable resulting from causes or things beyond his control and in no way produced by his own negligence, or his conduct comes within an excuse or exception specifically provided in the statute itself.

"So in this case, if you find by a preponderance of the evidence that the defendant, at the time in question, violated a statute of the State of Indiana regulating the operation of motor vehicles, as charged in the complaint, then you are instructed that such operation was negligent as a matter of law, unless you find from the evidence that compliance by the defendant with the statute was impossible, or that non-compliance thereof was excusable resulting from causes or things beyond his control and in no way produced

by his negligence, or his conduct comes within an excuse or exception provided in the statute itself."

Appellant objected on the grounds that there was no evidence of impossibility to excuse the violation of the statute and that there was no evidence that non-compliance with any statute was excusable.

Appellant does not contend that appellees' Instruction No. 6 is an improper statement of the law. Indeed, as appellees point out, the words "without excuse or justification" appear in appellant's Instructions Nos. 4 and 10. It seems rather inconsistent to assert that certain language is reversible error when similar language is contained in the instructions submitted and given by the party complaining.

The statutes in question govern traffic lanes[2] and speed regulations.[3] Appellant in attacking the instruction makes the assumption that the evidence, viewed in a light most favorable to appellees, leads only to a conclusion that one of the statutes was violated by appellee-Trudeau. The record with regard to the speed of appellee-Transport's tractor-trailer does not lead to only one conclusion, *i.e.*, that the speed statute had been violated, therefore, the jury could have concluded that there was no violation of the statute and never considered whether it was impossible to comply with such statute.

As previously stated, one of the main issues of fact for the jury was whether or not appellee's vehicle crossed the center line prior to the first impact. The record is not such that the jury would have to reach a conclusion to that effect. However, the evidence is without dispute that after the first impact appellee's tractor-trailer did leave its lane of traffic and collide with the vehicle being operated by the deceased.

---

2. Acts 1937, ch. 272, § 8, p. 1262, Ind. Stat. Anno., § 36-2938, Burns' 1949 Repl. (IC 1971, 8-12-3-8).

3. Acts 1967, ch. 138, § 3, p. 306, Ind. Stat. Anno., § 47-2004, Burns' 1970 Cum. Supp. (IC 1971, 9-4-1-57).

The record also reveals that at the time of the first impact Mr. Trudeau was thrown off of the driver's seat, across the cab of the tractor and was sitting on his suitcase with his back against the right-hand door. The steering wheel column was ripped loose from underneath the dash. From this evidence the jury could have concluded that Mr. Trudeau was excused from compliance with the statute requiring him to stay in the proper traffic lanes. Therefore, the giving of appellees' Instruction No. 6 was not reversible error.

Appellees' Instruction No. 7 is as follows:

"Ladies and gentlemen of the jury, you are instructed that under the law of the State of Indiana, the skidding or sliding of a motor vehicle, in and of itself and unattended by prior negligence from which said skidding or sliding proximately results, does not constitute negligence."

Appellant objected on the grounds that there is no evidence of the truck sliding on other than normal dry pavement, that said instruction tells the jury that skidding and sliding does not constitute negligence, and that appellees failed in their burden to show such skidding and sliding was unattended by any negligence on their part.

In *Lee Brothers* v. *Jones,* 114 Ind. App. 688, at 713, 54 N. E. 2d 108, at 118 (1944), this court stated:

"We think, without doubt, the sudden skidding of an automobile, in and of itself and unattended by prior negligence from which such skidding proximately results, does not constitute negligence." (Citing authorities.) *Freeport Motor Casualty Co.* v. *Chafin,* 131 Ind. App. 362, 369, 170 N. E. 2d 819, 822 (1960).

Appellees' Instruction No. 7 makes no reference to other than normal dry pavement, therefore it is not necessary that the record contain such evidence. The record reveals that appellee-Transport's tractor-trailer left approximately 134 feet of skidmarks, and that after the first impact the tractor-trailer began to slide sideways. With such evidence in

the record appellees were entitled to have the jury properly instructed on the law, *i.e.*, Instruction No. 7.

Appellant incorrectly asserts that the burden was upon appellees to show that the skidding and sliding was unattended by any negligence on their part. The skidding and sliding of an automobile is not negligence in and of itself. It was incumbent upon the party asserting negligence, here appellant, to sustain his burden of proof that the skidding and sliding was attended by prior negligence on the part of appellee-Trudeau. The verdict of the jury requires a conclusion that appellant failed in his burden of producing such evidence. As stated in the discussion regarding appellees' Instruction No. 6, the record viewed in a light most favorable to appellees supports such a conclusion.

Appellant, in his brief, argues that appellees' Instruction No. 7 is a "mere accident" instruction. Rule 1-7(2), Rules of the Supreme Court of Indiana, in part, is as follows:

"No error with respect to the giving of instructions shall be available as a cause for new trial or on appeal, except upon the specific objections made as above required."[4]

Appellant did not object to such Instruction No. 7 as being a "mere accident" instruction in the trial court, therefore, the objection is waived and is not available on appeal. *Riechmann* v. *Reasner*, 221 Ind. 628, 633-634, 51 N. E. 2d 10 (1943); *N.Y.C. & St. L.R. Co.* v. *Merc. Natl. Bk.*, 130 Ind. App. 638, 656-657, 165 N. E. 2d 382 (1960), (transfer denied), and cases cited therein; *City of Cannelton* v. *Lewis*, 123 Ind. App. 473, 477, 111 N. E. 2d 899 (1953).

Appellees' Instruction No. 10, as modified, is as follows:

"You are instructed that one who is confronted with a sudden emergency not of his own making without sufficient time to determine with certainty the best course to pursue is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. If he exercises such care as an ordinarily prudent person would exer-

4. For similar language see: TR. 51(C), Indiana Rules of Procedure.

cise when confronted by a like emergency, he is not liable for injury or death which results from his conduct, even though another course of conduct would have been more judicious, or safer, or might even have avoided the injury."

Appellant objected on the ground that there is no evidence of sudden emergency not of appellee-Trudeau's own making. Appellant also contends that the evidence was such that any sudden action on the part of the other automobile (the Dague automobile) should have been observed or seen by appellee-Trudeau prior to the first impact, as a matter of law.

In *Kiger* v. *Arco Auto Carriers, Inc.*, 144 Ind. App. 239, 245 N. E. 2d 677, at 679, 17 Ind. Dec. 26, at 28 (1969), Judge Sharp, speaking for this court, stated:

"An instruction on sudden emergency would be proper if there was any evidence or inference therefrom supporting it. *Pennsylvania Ice & Coal Co.* v. *Elischer*, 106 Ind. App. 613, 21 N. E. 2d 436 (1939)."

The record contains sufficient evidence to justify the action of the trial court, *i.e.*, the giving of appellees' Instruction No. 10, as modified. Testimony such as "all of a sudden this blue car came out around another car", "it seemed to surge out of its normal line of traffic", "it happened so fast that I of course had no time to take any evasive action", fail to support appellant's contention that there was no sudden emergency, *as a matter of law.*

Appellant, in his brief, argues that such Instruction No. 10, as modified, is mandatory. Such objection was not made in the trial court and is, therefore, waived and is not available on appeal. *Riechmann* v. *Reasner, supra; City of Cannelton* v. *Lewis, supra; N.Y.C. & St. L.R. Co.* v. *Merc. Natl. Bk., supra;* Rule 1-7(2), Rules of the Supreme Court of Indiana, *supra.*

Appellees' Instruction No. 12 is as follows:

"You are instructed that the evidence is undisputed that plaintiff has already received the sum of Twenty-Seven

Thousand Dollars ($27,000.00) in payment for the damages claimed to have been received in the accident involved in this lawsuit.

"If you find that the plaintiff is entitled to recover from the defendants Jack Gray Transport, Inc., and Ralph M. Trudeau, but you further find that plaintiff has already received enough money to fully and fairly compensate plaintiff for the damages received in the accident in this lawsuit, then I instruct you that your verdict must and shall be for the defendants Jack Gray Transport, Inc., and Ralph M. Trudeau."

Appellant objected on the grounds that this is a mandatory instruction and the instruction should tell the jury that they should merely deduct the $27,000 from the total damages, if any, that they might find the plaintiff to be entitled to under the evidence.

Appellant's Instruction No. 8, which was given, is as follows:

"The Court instructs you that there has been evidence introduced that Richard A. Dague paid Twenty-Seven Thousand ($27,000.00) Dollars damages to the Administrator of the Estate of Janice Rae Echterling. The Court instructs you that if you find for the plaintiff under the instructions of this Court, then you should determine the amount of the damages that have been sustained by the surviving husband and children of the deceased, Janice Rae Echterling, and then from such total damages, if any, you should deduct the sum of Twenty-Seven Thousand ($27,000.00) Dollars, and then return a verdict for the balance, if any, of said damages. You are further instructed that you are not to use the sum paid by Richard A. Dague, as any indication or criteria of the total amount of damages, if any, sustained by persons on whose behalf this action is brought."

Appellees' Instruction No. 12 and appellant's Instruction No. 8 both lead, essentially, to the same result so far as recovery for appellant is concerned. Appellant would be in no better position if the jury would have found for plaintiff-appellant and, after deducting $27,000, would have assessed the damages at zero.

An instruction very similar to appellees' Instruction No. 12 was set out in *Henry B. Steeg and Associates* v. *Rynearson,* 143 Ind. App. 567, 241 N. E. 2d 888, 890, 16 Ind. Dec. 71 (1968), (transfer denied). However, in *Steeg* the instruction was not assigned as error and this court did not explicitly pass upon the wording of such instruction.

Appellees' Instruction No. 12 does tend to confuse liability with damages. Because an injured party has been fully compensated, it does not follow that the tortfeasor was not negligent. Appellant's Instruction No. 8 is a better statement of the proposition embodied in both instructions, *i.e.,* if the plaintiff has received what he is due—he gets no more. If the jury had received only appellees' Instruction No. 12, the result reached herein might not be the same. However, in light of the fact that appellant's Instruction No. 8 was given it cannot be said that it was reversible error for the trial court to give appellees' Instruction No. 12.

In *Stull* v. *Davidson, et al.,* 125 Ind. App. 565, at 579, 127 N. E. 2d 130, at 137 (1955), this court stated:

"If, considering the instructions as a whole, they fully and fairly instruct the jury as to every material fact in controversy, they will be considered as sufficient. Error in any particular instruction will not justify a reversal unless it be of such a nature as to vitiate the whole charge to the jury and such charge is vitiated only when the instruction is so erroneous that it must be concluded that the jurors have been misled as to the law of the case." (Citing authorities.) *Steiner, d/b/a S. & G. Ex. Co.* v. *Goodwin, Admx., etc.,* 138 Ind. App. 546, 215 N. E. 2d 361 (1966) ; *Drolet, Admtrx., etc.* v. *Pennsylvania R. Co.,* 130 Ind. App. 549, 164 N. E. 2d 555 (1960), (transfer denied) ; *Kaplan et al.* v. *Tilles, Inc.,* 131 Ind. App. 390, 171 N. E. 2d 268 (1961).

Under the most recent definition of a mandatory instruction,[5] appellees' Instruction No. 12 is not mandatory.

---

5. *Perry* v. *Goss,* 253 Ind. 603, 255 N.E. 2d 923, 925, 20 Ind. Dec. 433, 435 (1970).

Our decision that none of the challenged instructions are reversible error does not mean that we approve them as model instructions or that their use in a different case would not constitute reversible error.

Judge Arterburn, speaking for our Supreme Court in *Hendrix* v. *Harbelis,* 248 Ind. 619, at 624, 230 N. E. 2d 315, at 319, 11 Ind. Dec. 438, at 442 (1967), summed up the problem of instructing a jury as follows:

"Instructing a jury is a most difficult and complex process. It is generally conceded that there has been an overemphasis placed upon the wording and refined meaning of instructions which far exceed their actual effect upon the jury. When an instruction has to be read and reread by a legally trained mind to catch a slight variation or error in its meaning, it is difficult to believe that a jury of laymen could have been misled. Words are mere signs or symbols of meaning and thought, which are never exact. We strive with inexact tools to work out refinement and precise lines in statements of thoughts and ideas, but are never able to reach exact perfection. In the writing of instructions, we are eternally confronted with attempts and failures at exactitude, and we must keep this human frailty in mind when we examine the language of instructions." (Citing authorities.) See also: *Perry* v. *Goss, supra.*

In addition to the instructions hereinabove referred to, appellant contends that the trial court erred in overruling his objection to a question propounded to a witness, Sgt. John Cosgrove. Sgt. Cosgrove, the investigating officer employed by the Town of Highland, Indiana, was called as a witness for appellant. During cross-examination but after receiving affirmative answers concerning the fact that Sgt. Cosgrove had testified at the coroner's inquest on this fatality, counsel for appellees asked the question to which objection was made. The question involved a recital of a question and Sgt. Cosgrove's answer given at the coroner's inquest. In the answer being read by appellees' counsel Sgt. Cosgrove stated that his investigation revealed that the Dague vehicle (the one in-

volved in the first collision) had crossed the center line and struck appellee-Transport's tractor-trailer. Counsel for appellant objected, in fact the objection was made before counsel for appellees had finished the question. Much discussion was had during which the question was repeated. It was objected to on the grounds that the question called for a conclusion, *i.e.*, invades the province of the jury and the fact that it cannot be used as a prior inconsistent statement because nothing contrary was said by the witness. The trial court overruled the objection and twice admonished the jury that the question was only for impeachment and that they were to disregard everything except what had to do with the crossing of the center line. The colloquy summarized above was concluded as follows:

> "Q. So at the time of this inquiry, the Coroner's Inquest, it was your observation that the '66 Chevrolet convertable [convertible] driven by Mr. Dague crossed the center line of U.S. Highway 41?
>
> "A. Yes."

It is clear from the record that the question to which appellant objected was never answered by Sgt. Cosgrove therefore, it cannot be grounds for reversal. Furthermore, the question and answer quoted above, as properly limited by the trial court, were admissible solely for impeachment purposes as a prior inconsistent statement, notwithstanding the fact that the prior statement was an opinion.

Immediately prior to the question put at issue in this appeal Sgt. Cosgrove testified that the first collision occurred "on the center of the roadway * * * I couldn't establish for sure if it was * * * east of the center or not, but it was right at the center." This testimony was received without objection and did pertain to facts material to the case, *i.e.*, where, with relation to the center line, did the first collision occur? The trial court correctly determined that the requisite contradiction or inconsistency existed between Sgt. Cosgrove's testimony in court and that given at the coroner's inquest.

*Sanger* v. *Bacon,* 180 Ind. 322, 101 N. E. 1001 (1913) ; *Seller* v. *Jenkins,* 97 Ind. 430 (1884).

The use of a prior inconsistent statement for impeachment is not for the purpose of showing that the prior statement was true and the present testimony false. *Reddick* v. *Young,* 177 Ind. 632, 98 N. E. 813 (1912) ; *Sanger* v. *Bacon, supra.*

Such testimony goes only to the credibility of the witness, to show that he blows hot and then blows cold, it is not substantive evidence used to prove the existence or the absence of a fact.

The trial court did not commit reversible error in giving appellees' Instructions Nos. 4, 5 as modified, 6, 7, 10 as modified, and 12. Neither was reversible error committed in overruling appellant's objection to the question propounded to, but not answered by, Sgt. Cosgrove.

Judgment affirmed.

Sharp and Staton, JJ., concur; White, J., not participating.

NOTE.—Reported in 267 N. E. 2d 198.